# James v Harriet Tubman Gardens Apt. Corp.

2025 NY Slip Op 30141(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 652541/2020

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LISA S. HEADLEY

_Justice_

-------------------------------------------------------------------X

VENITA L JAMES,

Plaintiff,

- v -

HARRIET TUBMAN GARDENS APARTMENT
CORPORATION, KYROUS REALTY GROUP,
INC.,NICHOLAS GROSS, JULIA GROSS, CITIZENS BANK
N.A.,

Defendant.

-------------------------------------------------------------------X

NICHOLAS GROSS, JULIA GROSS

Plaintiff,

-against-

BUCKMILLER AUTOMATIC SPRINKLER CORP., ATLAS &
DESIGN CONTRACTORS INC.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 28M |
| INDEX NO. | 652541/2020 |
| MOTION DATE | 10/09/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595938/2020

The following e-filed documents, listed by NYSCEF document number (Motion 004) 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 185, 186, 187, 190, 191, 192, 195, 196, 197, 198

were read on this motion to/for                                   DISMISS                                   .

  Before the Court is the motion filed by Third-Party Defendant Buckmiller Automatic Sprinkler Corp.'s ("Buckmiller") for summary judgment, pursuant to *CPLR §3212*, to dismiss all third-party claims as against Buckmiller; to dismiss all crossclaims asserted against Buckmiller; and to award costs, attorneys' fees and sanctions to Buckmiller for the frivolous conduct exhibited by Defendant/Third-Party Plaintiffs, Nicholas Gross and Julia Gross ("Gross defendants"), for refusing to discontinue all claims asserted against Buckmiller. (*See, NYSCEF Doc. Nos. 157-187).* The Gross defendants filed opposition to the motion. (*See, NYSCEF Doc Nos. 19-191).* Buckmiller filed reply papers. (*See, NYSCEF Doc. Nos. 195 – 198).*

  Plaintiff, Venita James, commenced this action as a result of property damage that occurred on July 16, 2018, against defendants, Harriet Tubman Gardens Apartment Corporation, Kyrous Realty Group Inc. and  Nicholas and Julia Gross. The Gross defendants filed a third-party action

652541/2020  JAMES, VENITA L vs. HARRIET TUBMAN GARDENS
Motion No.  004

Page 1 of 4

against Buckmiller and Atlas & Design Contractors Inc. Then, third-party defendants, Atlas, moved for an Order consolidating the instant action with a related action, *Fireman's Fund Insurance Company A/S/O Harriet Tubman Gardens Condominium and Harriet Tubman Garden Apt. Corp., and other interested Insureds under the policy of insurance v. Nicholas Gross, Atlas & Designs Contractors*, Index No. 155390/2020, and the actions were consolidated for purposes of discovery and a joint trial pursuant to the Court Order dated August 30, 2021. (*See, NYSCEF Doc. No. 46*).

## Discussion

The movant argues that the Gross parties untimely filed their opposition to the motion, as it was filed three days after the required submission date according to the parties' stipulation. (*See, NYSCEF Doc. No. 195*). In addition, the movant argues that the opposition papers fail to comply with *22 NYCRR §202.8-g(b)*, as the Gross parties failed to submit any response to Buckmiller's Statement of Undisputed Facts. Therefore, the opposition papers must be disregarded. Here, the court is not required to not consider the opposition to the motion because of their failure to submit a statement of material facts. *See, 22 NYCRR 202.8-g*. "The applicable rule permits a court to require that parties submit a separate statement of material facts with any motion for summary judgment, but it does not obligate a court to impose such a requirement." See, *Taveras v. Inc. Vil. of Freeport*, 225 A.D.3d 822, 823 (2d Dep't 2024). Thus, the Court, in its discretion, will consider the opposition papers.

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). Under *CPLR §3212*, "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. *CPLR §3212*. After oral argument held on October 9, 2024, and upon the affidavits, arguments and evidence submitted, this Court finds that summary judgment should be denied because the movant/third-party defendant has failed to demonstrate there are no material issues of fact.

In support of the motion, the movant argues that Buckmiller did not perform the work in the apartment owned by the Gross parties (Apartment 8F at 2235 Frederick Douglas Boulevard, New York, New York). Buckmiller contends the Gross parties cancelled the work proposal prior to the date of the accident. Buckmiller argues that another individual or entity entered the Gross' apartment and "exclusively caused the incident to occur by physically disturbing a sprinkler head." (*See, NYSCEF Doc. No. 158*). In support of the motion, Buckmiller submits written correspondence where the Gross parties cancelled the job on August 14, 2018, and the Invoice provided indicated a $0 invoice by Buckmiller. (*See, NYSCEF Doc. No. 170*).

To the contrary, and in opposition, counsel for the Gross parties submit the affirmation of Nicholas Gross, wherein he attests that on June 19, 2018, he approved Buckmiller's proposal with a negotiated price of approximately $500.00, and on June 28, 2018, two men arrived at his apartment. Specfically, Mr. Gross asserts that a Hispanic man purporting to work for Buckmiller came to his apartment and changed the chrome sprinkler heads to white sprinkler heads, and he paid the individual $500 in cash, and was not provided with a receipt. (*See, NYSCEF Doc. No.*

652541/2020 JAMES, VENITA L vs. HARRIET TUBMAN GARDENS
Motion No. 004

Page 2 of 4

*191*). Mr. Gross further asserts that on June 28, 2018, the building's water was shut down as it was required for the worker to change the sprinkler heads. However, Buckmiller asserts that Gross' affidavit indicating that he negotiated the contract for $500 is false and submits an unredacted copy of the proposal with a price of $489.00. (*See, NYSCEF Doc. No. 198*). In reply, the movant submits the affidavit of Patrick Black, a member of Buckmiller, who attests that it is a long-standing policy that Buckmiller refuse cash payment for work performed. (*NYSCEF Doc. No. 196*). Further, the individual allegedly identified as the person who performed the work named Edward Olivero attests that he neither performed the work or accepted cash for any purported work. (*See, NYSCEF Doc. No. 197*).

Furthermore, in the motion, Buckmiller asserts that they requested a discontinuance in July 2021, December 2022 and April 2023, and the Gross parties refused to discontinue the third-party action despite there being evidence that Buckmiller bears no liability in the action. (*See, NYSCEF Doc. 160*). Buckmiller argues that the Gross parties have asserted third party claims based upon common law indemnification, contractual indemnification and breach of contract for failure to procure insurance. First, the movant asserts that since there is a cancellation of the proposal work order, and an invoice marking the estimate total to zero dollars, that no work or installation services was provided, and the contractual and common law indemnification does not apply.

Second, the movant argues that in discovery, the testimony and evidence presented alternative theories as to the cause of the accident, that does not involve Buckmiller. The superintendent of the building, John Lyons, testified that after the incident occurred, he travelled to the Gross apartment and the construction workers informed him that Gross pulled or cracked the sprinkler head, and they advised him two or three times to avoid touching the sprinkler. (*See, NYSCEF Doc. No. 158, see also Exh. N and M*). In addition, the movant submits that Harriet Kyrous of defendant Kyrous' contractor made contact with the sprinkler head and that he was arranging for it to be fixed. (*Id. at Exh. I*). Furthermore, the movant submits a text message exchange between Gross and an Atlas employee, Howard Powell, where Powell "intimates that 'George' must have touched the head in the Gross apartment before the incident occurred as Gross was in the bathroom when they heard the noise." (*Id. At Exh. G*).

Next, Buckmiller argues that the Gross parties are not entitled to common law and contractual indemnification because Gross is unable to establish freedom of negligence as there is evidence of wrongdoing of Gross with interfering or disturbing the sprinkler. As to the claim for breach of contract for failure to procure insurance, Buckmiller argues that there was no provision in the proposal to procure insurance. (*Id. at Exh. K*). Buckmiller also argues that the crossclaims asserted are conclusory as it states that any damage sustained by the plaintiff were caused in whole or in part by the acts or omission of co-defendants.

Here, this Court finds there are issues of facts, including as to the method of payment that was made for the purported job, and whether an employee of Buckmiller performed the job in the Gross parties' apartment. There are conflicting affidavits of Nicholas Gross and Partick Black and Edward Olivero as to whether a Buckmiller employee performed the work in exchange for cash payment. Furthermore, there are questions of fact as to whether Gross himself contributed to the

652541/2020  JAMES, VENITA L vs. HARRIET TUBMAN GARDENS
Motion No. 004

Page 3 of 4

3 of 4

incident. "Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action." *Vega v. Restani Constr. Corp.*, 18 N.Y.3d 499, 503 (2012) [internal citations and quotation marks omitted]. As such, the movant Buckmiller's motion for summary judgment to dismiss the third-party complaint is denied.

In addition, the movant seeks costs, attorneys' fees and sanctions against the Gross parties for their failure to discontinue all claims against Buckmiller based on the evidence demonstrating that Buckmiller had no connection to the subject incident, and that the Gross parties had known about the movant's lack of liability for over six years. The Court hereby denies such request for sanctions and attorneys' fees within its discretion, as the Court has determined that issues of fact exist to preclude summary judgment in favor of the movant, Buckmiller.

Accordingly, it is hereby

**ORDERED** that third-party defendant Buckmiller's motion for summary judgment is DENIED; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, the movant-defendant shall serve a copy of this decision/order upon all parties with notice of entry.

This constitutes the Decision and Order of the Court.

| 1/9/2025 | | LISA S. HEADLEY, J.S.C. |
|----------|--|-------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|---|----------------------|--|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652541/2020 JAMES, VENITA L vs. HARRIET TUBMAN GARDENS
Page 4 of 4
Motion No. 004

4 of 4

[* 4]